OPINION
{¶ 1} Plaintiff-appellants Andrew Czyzewski and Michael Cupp appeal a decision in which the Montgomery County Court of Common Pleas, General Division, ruled in favor of defendant-appellee Dave Arbogast Buick/Pontiac/GMC Truck, Inc. and J. Toby Tobias on appellants' claim that appellees committed violations of the Ohio Consumer Sales Practices Act *Page 2 
in connection with the sale of a 1999 Damon Intruder Motor Home.
 {¶ 2} Appellants visited Dave Arbogast's RV sales department in April 2004. Appellee Tobias showed appellants a 1999 Damon Intruder Motor Home. Appellants viewed the Motor Home for approximately one hour. Appellant Czyzewski testified he asked Tobias about the towing capacity of the Motor Home at some point during the viewing. Both appellants testified that Tobias then examined an awkwardly placed sticker underneath the seat in the coach of the Motor Home. Appellants further testified that Tobias relayed to them that the Motor Home was capable of towing approximately 7,500 pounds. Appellants alleged that Tobias arrived at this approximation by incorrectly calculating weight figures displayed on the sticker.
 {¶ 3} Tobias controverted this testimony. He testified that he did not recall appellants asking about the towing capacity of the Motor Home, but that if they had, he would have looked to see if there was a sticker regarding towing capacity on the hitch of the Motor Home. In fact, there was a sticker on the hitch. The sticker clearly indicated that the Motor Home could tow a maximum of 3,500 pounds. Several weeks after purchasing the Motor Home, Appellant Czyzewski observed this sticker for the first time.
 {¶ 4} Appellants filed the instant action in Montgomery County Common Pleas General Division, asserting violations of the Ohio Consumers Sales Practices Act. Issues at trial were limited to: 1) whether Arbogast, by and through its agent Tobias, specifically represented to appellants that the motor home they purchased was equipped to tow a vehicle which exceeded 3,500 pounds; and 2) whether Arbogast, by and through its agent Tobias, made false statements to appellants in violation of R.C. § 1345.02(B)(1). The matter was tried to the trial court on January 5, 2007. The trial court subsequently issued a written decision on April 27, 2007, in which it held that the testimony elicited at trial was insufficient to establish by a preponderance of the evidence *Page 3 
that appellees made any misrepresentations to appellants regarding the tow capacity of the motor home which they purchased. The trial court further held that even if appellees had made a misstatement with respect to the tow capacity, it was not material to appellants' purchase of the motor home in light of the evidence adduced at trial.
 {¶ 5} Appellants filed a timely notice of appeal with this Court on May 23, 2007.
 I {¶ 6} Appellants sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED BY FAILING TO FIND A VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT"
 {¶ 8} In their sole assignment of error, appellants contend that the trial court erred when it found that the evidence was insufficient to establish by a preponderance of the evidence that appellees made any misrepresentations in violation of R.C. § 1345.02(B)(1) to appellants regarding the tow capacity of the motor home which they purchased. Moreover, appellants argue that the trial court abused its discretion in holding that the evidence adduced at trial demonstrated that the tow capacity of the motor home was not material to their decision to purchase said motor home.
 {¶ 9} At the onset, findings of fact by a trial judge are given substantial deference. "[T]he trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. City of Cleveland, (1984)10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 10} Appellants contend that the trial court, while finding all witnesses to be credible, specifically disregarded appellants' recollections in connection with the alleged representation by *Page 4 
Tobias regarding towing capacity. This is not the case. The court regarded their recollections as cloudy. Appellant Czyzewski did not appear to have a distinct or clear recollection of Tobias' alleged representation. See Tr. 133-35. Appellant Czyzewski testified that he did not specifically recall what words Tobias said to him regarding the towing capacity of the Motor Home. See Tr. 135.
 {¶ 11} Czyzewski testified that the aesthetics or layout of the vehicle as well as the price were the two more important factors in their purchase. It is clear from the record that the amenities were a substantial inducement in their decision to purchase the motor home. This may the explain the trial court's conclusion that while aesthetics, price, and luxury appointments were material aspects of appellants' decision to purchase the Motor Home, towing capacity, at the time of purchase, was not. Furthermore, the Motor Home's towing capacity was never concealed from appellants. The tow capacity was clearly displayed on the hitch of the Motor Home. Had tow capacity been material, it seems reasonable that appellants would have examined the hitch, prior to, or at least shortly after, purchasing the Motor Home. In conclusion, the trial judge determined that Appellants failed to meet their burden of proving by a preponderance of the evidence that Appellees made a misrepresentation regarding the towing capacity of the Motor Home in violation of R.C. § 1345.02(B)(1). This factual determination is supported by the record.
 {¶ 12} Appellants' sole assignment of error is overruled.
 II {¶ 13} Appellants' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 BROGAN, J. and VALEN, J., concur. *Page 5 
(Hon. Anthony Valen, retired from the Twelfth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Richard B. Reiling
Scott A. King
Chad D. Cooper
 Hon. Barbara P. Gorman *Page 1